Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ROSA MILAGROS ACOSTA PADILLA<br><br>RECURRIDA<br><br>V.<br><br>COOPERATIVA DE SEGUROS MULTIPLES; Y OTROS<br><br>PETICIONARIA | KLCE202301454 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: MZ2022CV01931<br><br>Sala:307<br><br>Sobre:<br><br>ENRIQUECIMIENTO INJUSTO, DAÑOS |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a   25 de enero de 2024.

Comparece la Cooperativa de Seguros Múltiples de Puerto Rico (en adelante, Cooperativa o parte peticionaria) mediante una *Petición de Certiorari*. En su recurso nos solicita que revoquemos una *Orden y Resolución* emitida el 21 de junio de 2023 y notificada el 22 de junio de 2023 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, el foro primario). Mediante la referida determinación, el foro primario declaró *No Ha Lugar* a una *Moción de Sentencia Sumaria Parcial* presentada por la parte peticionaria.

Examinado el recurso ante nuestra consideración, denegamos su expedición.

**I.**

El 21 de diciembre de 2022, la señora Rosa M. Acosta Padilla instó una *Demanda* de daños y perjuicios en contra de la Cooperativa de Seguros Múltiples de Puerto Rico, Universal Insurance Company, y el señor Javier J. Barreto (señor Barreto) por sí y en representación de la sociedad

legal de gananciales.[1] En esencia, alegó que solicitó el servicio de viaje garantizado en su póliza de seguro a los fines de recargar la batería de su vehículo de motor. En respuesta, la Cooperativa envió el señor Barreto, dueño de Economic Key Solution, al lugar del incidente. Tras inspeccionar el automóvil, indicó que el problema no era la batería, sino una dificultad vinculada con la reprogramación del *beeper*. Adujo que éste le expresó que reprogramaría el *beeper* y que solo tendría que costear el gasto por dicho servicio. Sin embargo, arguyó que el proceso de reparación resultó infructuoso, pues el vehículo no encendió desde entonces. Ante tales alegaciones, peticionó $24,366.67 en concepto de angustias mentales, costas, gastos y honorarios de abogado.

Así las cosas, el 31 de marzo de 2023, la Cooperativa sometió una *Moción de Sentencia Sumaria Parcial* acompañada de una documentación intitulada *Póliza de Múltiple Asistencia en Viaje* y *Carta de Derechos del Consumidor de Seguros*.[2] En ésta, solicitó la desestimación de la causa de acción instada en su contra. Alegó que la póliza no incluye una cobertura para reparación de *beeper*. En respuesta, el 2 de mayo de 2023, la recurrida presentó su *Oposición a la Sentencia Sumaria*.[3] Argumentó que en el caso presente existe una controversia en torno a si el señor Barreto atendió la situación en representación de la Cooperativa. Por consiguiente, advirtió que no procedía la desestimación de la reclamación instada en contra de la aseguradora. Luego, el 3 de mayo de 2023, la Cooperativa presentó una *Réplica a Oposición a Sentencia Sumaria Parcial*.[4] Puntualizó que el señor Barreto no es un representante de la entidad aseguradora. Según la peticionaria, éste actuó en calidad de contratista independiente de conformidad al marco normativo de *Whittenburg v. Col. Ntra. Sra. Del Carmen*, 182 DPR 937 (2011). En tal escenario, adujo no es responsable de la actuación del señor Barreto.

---

[1] Apéndice de aseguradora peticionaria, págs. 1-3.
[2] Apéndice de aseguradora peticionaria, págs. 4-20.
[3] Apéndice de aseguradora peticionaria, págs. 22-23.
[4] Apéndice de aseguradora peticionaria, págs. 28-29.

Tras evaluar los planteamientos esbozados, el 21 de junio de 2023, el foro primario emitió una *Resolución y Orden,* notificada el 22 de junio de 2022, declarando *No Ha Lugar* a dicha petición.[5] En esencia, determinó que la solicitud no exhibe los requisitos contenidos en la Regla 36(a) de Procedimiento Civil. En vista de ello, ordenó a la Cooperativa a presentar su alegación responsiva.

Oportunamente, el 6 de julio de 2023, la parte peticionaria presentó una *Moción de Reconsideración*.[6] Argumentó que el formato utilizado para la presentación de la moción en cuestión fue empleado en un caso previo. Adujo que, en aquella ocasión, el tribunal recurrido atendió dicha solicitud y no expuso los señalamientos presentes. Por tanto, reiteró que cumple con los requisitos establecidos en la Regla 36(a) del Tribunal de Apelaciones. Evaluada su petición, el 13 de noviembre de 2023, el foro primario emitió *Resolución*, notificada el 30 de noviembre de 2023, declarando *No Ha Lugar* a la reconsideración solicitada.

Inconforme con tal determinación, la Cooperativa acudió ante nos mediante una *Petición de Certiorari*. En su recurso, plantea los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia al denegar la Moción de Sentencia Sumaria parcial indicando que la misma no cumple con los requisitos bajo la Regla 36.3(a) de las Reglas de Procedimiento Civil de Puerto Rico, cuando dicha moción cumple cabalmente con la citada regla.

> Erró el Honorable Tribunal de Primera Instancia al denegar la Moción de Sentencia Sumaria parcial cuando la oposición a la misma presentada por la Recurrida no cumple con la Regla 36.3(b) de las Reglas de Procedimiento Civil de Puerto Rico, por lo que procedía conceder lo solicitado según dispone la Regla 36.3(c) de las Reglas de Procedimiento Civil de Puerto Rico.

> Erró el Honorable Tribunal de Primera Instancia al denegar la Moción de Sentencia Sumaria parcial cuando la misma procede como cuestión de derecho toda vez que la póliza expedida por la parte Peticionaria no ofrece cubierta para la reclamación de la parte recurrida.

---

[5] Apéndice de aseguradora peticionaria, págs. 35-36.
[6] Apéndice de aseguradora peticionaria, págs. 37-48.

**II.**

**A. Recurso de *certiorari***

El *certiorari* es un recurso extraordinario que permite que un tribunal de jerarquía superior revise a su discreción una determinación de un tribunal inferior. *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc*., 207 DPR 994 (2021). Véase, también, el Artículo 670 del Código de Enjuiciamiento Civil de 1933, conocido como la Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva de este remedio "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera Gómez v. Arcos Dorados Puerto Rico*, 2023 TSPR 65; *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

Ahora bien, el ejercicio de esta discreción no es absoluto. A esos fines, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, nos concede la facultad para revisar resoluciones u órdenes interlocutorias. La precitada regla dispone lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o **de la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Regla 52.1 de Procedimiento Civil, *supra*. (Énfasis nuestro).

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari.* En estos casos, el cuerpo reglamentario establece que el tribunal tendrá en cuenta las siguientes consideraciones:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Tribunal de Apelaciones, *supra*.

Tales criterios orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra*. A su vez, la aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra*; *800 Ponce de León v. American International*, 205 DPR 163 (2020).

A la luz de estos parámetros, los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank v. ACBI*, 200 DPR 724, 736 (2018); Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). Esta normativa permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Id*. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019); *Citibank v. ACBI, supra,* pág. 735.

## B. Moción de sentencia sumaria

Como es sabido, la moción de sentencia sumaria es un mecanismo procesal que permite la ágil disposición de casos sin la celebración de un juicio, siempre que no existan controversias genuinas de hechos materiales. *Birriel Colón v. Supermercado Los Colobos*, 2023 TSPR 120; *Segarra Rivera v. International Shipping Agency, Inc.*, 208 DPR 964, 979 (2022). El propósito de esta moción es que los pleitos civiles sean solucionados de forma justa, rápida y económica. *Acevedo Arocho v. Departamento de Hacienda de Puerto Rico*, 2023 TSPR 80; *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 335 (2021). Solo procede la concesión de este remedio "cuando surge claramente que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para resolver la controversia" *Oriental Bank v. Caballero García*, 2023 TSPR 103; *Mejías v. Carrasquillo*, 185 DPR 288, 299 (2012).

A esos fines, la Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R.36.1, permite que una parte presente una solicitud de sentencia sumaria respaldada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. *Oriental Bank v. Perapi et al.*, 192 DPR 7, 25 (2014); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013). En esa dirección, "un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Íd., pág. 213 (citando a Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2000, T. I, pág. 609). De hecho, nuestro ordenamiento jurídico admite dictámenes de sentencia sumaria parcial en aras de resolver cualquier controversia que sea separable de las controversias restantes. *Ramos Pérez v. Univisión*, 178 DPR 200, 212 (2010).

En lo concerniente, la Regla 36 de Procedimiento Civil, *supra*, preceptúa los requisitos de forma para la moción que se inste y su respectiva oposición. *Universal Insurance Company v. Estado Libre*

*Asociado de Puerto Rico*, 211 DPR 455, 472 (2023). El precitado cuerpo reglamentario establece las formalidades que debe exhibir una moción de tal naturaleza: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; **(4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal**; (5) las razones por las cuales debe ser dictada la sentencia argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. (Énfasis nuestro). Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a).

En tales escenarios, la parte opositora de la sentencia sumaria "tiene que cumplir con los requisitos de la Regla 36 de Procedimiento Civil". *Oriental Bank v. Caballero García, supra*. No debe adoptar "una actitud pasiva y descansar en las aseveraciones o negaciones que consigne en su alegación". Íd. Por tanto, enumerará los hechos materiales de buena fe controvertidos y aquellos sobre los que no media controversia. Íd. También, indicará los párrafos o páginas de la prueba documental que establezcan o impugnen cada hecho. Íd. Además, identificará "los argumentos del derecho aplicable por los cuales no se debe dictar la sentencia*". Fernández Martínez v. RAD-MAN San Juan*, *supra*, pág. 336. Ahora bien, cualquier duda no es suficiente para derrotar una moción de sentencia sumaria. *Oriental Bank v. Caballero García*, *supra*; *Ramos Pérez v. Univisión*, *supra*, pág. 213 (2010). Debe tratarse de una incertidumbre que permita concluir que existe una controversia real sobre hechos relevantes y pertinentes. *Ramos Pérez v. Univisión*, *supra*, pág. 214.

Conviene señalar que la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, regula el procedimiento que debe acoger el tribunal ante una denegatoria de una moción de sentencia sumaria:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio**, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos**, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. (Énfasis suplido).

La precitada disposición "establece que la presentación de una moción de sentencia sumaria tendrá unos efectos importantes en el litigio, independientemente de cómo esta se adjudique". *Meléndez González v. M. Cuebas*, 193 DPR 100, 113 (2015). **Aun cuando el tribunal deniegue parcial o totalmente una moción de sentencia sumaria, le corresponde determinar "los hechos que han quedado incontrovertidos y aquellos que aún están en controversia"**. (Énfasis nuestro). Íd. Esta regla enfatiza "en el carácter mandatorio de la determinación de los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos". Íd. Este proceder procura una revisión adecuada por los foros apelativos. Íd. (citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, págs. 1074-1075).

Por otro lado, no es recomendable emplear este mecanismo en aquellos casos en los cuales median elementos subjetivos de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad sea esencial para dilucidar la controversia. *Segarra Rivera v. International Shipping Agency, Inc., supra* pág. 980; *Soto v. Hotel Caribe Hilton*, 137 DPR 294, 301 (1994). Solo amerita su concesión "si el juzgador queda claramente convencido de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes y que una vista en los méritos es

innecesaria". *Birriel Colón v. Supermercado Los Colobos*, *supra*; *SLG Fernández-Bernal v. RAD-MAN et al.*, *supra*, pág. 337. En resumen, el tribunal debe abstenerse a otorgar este remedio cuando: (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. *Acevedo Arocho v. Departamento de Hacienda de Puerto Rico, supra; Fernández-Bernal v. RAD-MAN et al.*, *supra*, págs. 335-336.

### C. Estándar de revisión de moción de sentencia sumaria ante tribunales revisores

Los tribunales revisores se encuentran en la misma posición que el foro primario para determinar si procede una sentencia sumaria. *Birriel Colón v. Supermercado Los Colobos*, *supra*. En estas instancias, ostentamos el deber de "examinar el expediente de *novo* y verificar que las partes cumplieron con las exigencias de la Regla 36.3" *Fernández Martínez v. RAD-MAN San Juan III-D, LLC, supra,* pág. 338; *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1025 (2020). De resolver que los hechos materiales realmente están incontrovertidos, entonces procede "revisar si el foro primario aplicó correctamente el derecho". *Oriental Bank v. Caballero García*, *supra*. Véase, también, *Fernández Martínez v. RAD-MAN San Juan III-D, LLC, supra.* Cabe destacar que, el foro apelativo solo puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. *Meléndez González v. M. Cuebas*, *supra*, pág. 114. No tenemos facultad para adjudicar hechos materiales y esenciales en disputa, pues esa tarea corresponde al foro primario. Íd., pág. 115.

**III.**

En el caso presente, la Cooperativa alega que incidió el tribunal recurrido al denegar la solicitud de sentencia sumaria bajo el fundamento de incumplimiento de las formalidades contenidas en la Regla 36.3 (a) de

Procedimiento Civil, *supra*. Según la aseguradora, procedía la concesión del remedio sumario, toda vez que su póliza no ofrece una cubierta para la reclamación de la parte recurrida. Por tanto, señala que erró el foro primario al no desestimar la causa de acción instada en su contra.

Tras examinar sosegadamente el expediente ante nuestra consideración y el dictamen recurrido (independiente de sus fundamentos), determinamos que no se han producido las circunstancias que exijan la intervención de este Tribunal. A pesar de que la Regla 52.1 de Procedimiento Civil, *supra*, nos faculta a revisar las determinaciones denegatorias de mociones de naturaleza dispositiva, en esta etapa no contemplamos los fundamentos para ejercer nuestras facultades revisoras. En particular, no encontramos los elementos requeridos para dictaminar que el foro primario actuó de forma arbitraria, caprichosa, incurrió en craso abuso de discreción, o en aplicación errónea de la ley. Tampoco identificamos los criterios que nos motiven a expedir el auto de *certiorari* de conformidad a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Al ordenar la continuación de los procedimientos, oportunamente el TPI aquilatará las alegaciones relacionadas con el rol del señor Barreto en la prestación de sus servicios para la recurrida.

**IV.**

Por los fundamentos antes expresados, *denegamos* la expedición del auto de certiorari y devolvemos el asunto al Tribunal de Primera Instancia.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones