EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Oriental Bank<br><br>Recurrido<br><br>v.<br><br>Héctor Agustín Caballero García<br><br>Peticionario | Certiorari<br><br>2023 TSPR 103<br><br>212 DPR \_\_\_ |
| --- | --- |

Número del Caso: CC-2022-0566

Fecha: 23 de agosto de 2023

Tribunal de Apelaciones:

Panel I

Abogados de la parte peticionaria:

Lcda. Jessica Rivera Pacheco
Lcdo. Jorge Gordon Menéndez

Abogado de la parte recurrida:

Lcdo. Kevin Miguel Rivera Medina

Materia: Ley de Mediación Compulsoria – Alcance y requisitos del proceso de mediación compulsoria estatuido en la Ley Núm. 184-2012, para que los tribunales puedan dictar Sentencia u ordenar la ejecución de una hipoteca.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Oriental Bank <br><br>     Recurrido <br><br>       v. <br><br> Héctor Agustín Caballero García <br><br>     Peticionario | CC-2022-0566 | |

La Jueza Asociada Señora Pabón Charneco emitió la Opinión del Tribunal.

En San Juan, Puerto Rico, a 23 de agosto de 2023.

En esta ocasión tenemos la oportunidad de expresarnos sobre el alcance y los requisitos del proceso de mediación compulsoria estatuido en la Ley Núm. 184-2012, *infra*. Específicamente, tenemos la tarea de determinar si se cumplió con las disposiciones del referido estatuto antes de que los tribunales pudiesen dictar Sentencia u ordenar la ejecución de una hipoteca. Por las razones que expondremos, adelantamos que en el caso de autos no se cumplió con la Ley Núm. 184-2012, *infra.* Por lo tanto, la acción correspondiente por el Tribunal de Primera Instancia era resolver la controversia de derecho que se le refirió sobre la liquidez de una deuda y, superado ese escollo, devolver el caso para la continuación del proceso de mediación compulsoria conforme a los requisitos de ley. Veamos.

**I**

El 22 de octubre de 2020 Oriental Bank (Oriental o recurrido) presentó una Demanda contra el Sr. Héctor Agustín Caballero García (señor Caballero García o peticionario), sobre cobro de dinero y ejecución de hipoteca. En esta, alegó que el señor Caballero García suscribió un pagaré hipotecario por la suma principal de $106,000.00 con una tasa de interés de 6.875% anual. Asimismo, sostuvo que el pagaré dispuso que el término del préstamo era de 15 años, desde el 2004 hasta el 2019. Consecuentemente, adujo que el peticionario adeudaba $78,315.47 de principal, $5,384.16 en intereses y otros cargos por demoras, más honorarios de abogado.

El 23 de diciembre de 2020, el señor Caballero García contestó la Demanda. En síntesis, alegó que pagó todos los plazos mensuales desde el 1 de octubre de 2004 hasta el 1 de septiembre de 2019. Por tanto, arguyó que no existía cantidad vencida del pagaré ni de la hipoteca que lo garantiza. Por otro lado, precisó que el caso debía referirse al proceso de mediación compulsoria de la Ley Núm. 184-2012, según enmendada, conocida como *Ley para la Mediación Compulsoria y Preservación de tu Hogar en los procesos de Ejecuciones de Hipotecas de una Vivienda Principal*, 32 LPRA sec. 2881 *et seq.,* ya que la causa de acción trataba sobre su residencia principal.

Tras varios trámites procesales, el foro primario refirió el caso al Centro de Mediación de Conflictos. Luego

de celebrarse dos (2) reuniones de mediación, el 17 de diciembre de 2021 la mediadora presentó una Moción Informativa sobre Resultado del Proceso de Mediación al Amparo de la Ley Núm. 184-2012.[1] En esta, indicó que se celebró una primera reunión de mediación el 28 de octubre de 2021 y se acordó una reunión de seguimiento para el 15 de diciembre de 2021. Sostuvo que en esa segunda reunión ambas partes comparecieron con su representación legal. Sin embargo, surgieron cuestionamientos sobre la liquidez de la deuda y otros aspectos de derecho que escapaban la autoridad del Centro de Mediación de Conflictos y que no habían sido planteados ante el foro primario. Acorde con lo anterior y con especial relevancia para la controversia de autos, expresó que:

> **8. En estos momentos no es posible que podamos continuar el proceso de negociación que se requiere en la Ley Núm. 184-2012, según enmendada.**
> **9. Por lo que damos por concluida nuestra intervención, sujeto a que en su momento el Honorable Tribunal vuelva a referirlo si fuera necesario.**[2] (Negrilla suplida).

Así las cosas, el foro de instancia ordenó la continuación de los procedimientos. Subsiguientemente, el 10 de enero de 2022, Oriental presentó una Solicitud de Sentencia Sumaria. Indicó que, conforme a la prueba documental y hechos incontrovertidos del caso, era acreedora del señor Caballero García por las cantidades que reclamó en la Demanda. En apoyo de esto, presentó un Pagaré, *Truth*

---

[1] Apéndice de *Certiorari,* pág. 85.
[2] Íd.

*in Lending Disclosure Statement (TILA),* Certificación de Propiedad Inmueble, Declaración Jurada de una asistente de Gerente de Oriental y la Escritura de Primera Hipoteca.[3] **Además, afirmó que el trámite de mediación culminó sin que se lograra un acuerdo.** Por tanto, solicitó que se dictara Sentencia Sumaria sobre la totalidad de la deuda consecuencia del préstamo.

El foro primario le concedió un término de veinte (20) días al peticionario para expresarse en cuanto a la solicitud de Oriental. Transcurrido el plazo concedido sin la comparecencia del señor Caballero García, el foro primario notificó una Sentencia el 7 de febrero de 2022 mediante la cual declaró con lugar la Solicitud de Sentencia Sumaria. En esta, estableció que había tres (3) hechos que no estaban en controversia, los cuales adoptamos por referencia.[4] De tal manera, ordenó al peticionario a pagar la suma de $78,315.47 de principal, $5,384.16 en intereses al 6.875% desde el 1 de noviembre de 2019 hasta el 1 de noviembre de 2020, y otras partidas por intereses, cargos por demora, gastos y honorarios de abogados. Además, ordenó que se ejecutara la hipoteca objeto del litigio si el peticionario no satisfacía la Sentencia.

El mismo día, compareció la Lcda. Jessica Rivera Pacheco en representación del peticionario y solicitó unirse a la representación legal de este, así como una prórroga

---

[3] Apéndice de *Certiorari,* págs. 94-127.
[4] Apéndice de *Certiorari*, págs. 150-151.

para replicar a la Solicitud de Sentencia Sumaria. Indicó, entre otros extremos, **que el procedimiento de mediación no pudo completarse por existir controversia entre si el préstamo otorgado era uno tipo *balloon* o uno convencional a quince (15) años.** A tales fines, sostuvo que procedía realizar descubrimiento de prueba en el caso para aclarar la naturaleza del préstamo y proceder con la mediación para que el señor Caballero García retuviera la propiedad. El foro primario denegó la solicitud de prórroga por académica ya que había dictado Sentencia luego de que el peticionario no compareciera dentro del término que se le concedió para que se opusiera a la Solicitud de Sentencia Sumaria.

El peticionario presentó oportunamente una Solicitud de Reconsideración, la cual fue denegada por el Tribunal de Primera Instancia. Insatisfecho con esta determinación, el señor Caballero García presentó una Apelación ante el Tribunal de Apelaciones. Examinadas las posturas de ambas partes, el foro apelativo intermedio emitió una Sentencia mediante la cual confirmó el dictamen del foro primario. Específicamente, concluyó que se cumplió con el proceso de mediación compulsoria dispuesto en la Ley Núm. 184-2012, *supra*. Además, precisó que el recurrido acompañó su Solicitud de Sentencia Sumaria con documentación que sustenta los hechos que alegó en su reclamación. Destacó que el peticionario no los controvirtió y por ello, determinó que procedía dictar Sentencia Sumaria en el caso de autos. Inconforme con el dictamen, el señor Caballero García

presentó una solicitud de reconsideración que el foro apelativo intermedió denegó.

Nuevamente en desacuerdo, el señor Caballero García recurrió ante nos y formuló los señalamientos de error siguientes:

> ERRÓ EL [TRIBUNAL DE APELACIONES] AL DETERMINAR QUE HAY AUSENCIA TOTAL DE CONTROVERSIA SUSTANCIAL SOBRE HECHOS MATERIALES.
>
> ERRÓ EL [TRIBUNAL DE APELACIONES] AL DETERMINAR QUE SE CUMPLIÓ CON EL PROCESO DE MEDIACIÓN COMPULSORIA REQUERIDO POR LA LEY 184-2012.

Expedido el recurso, las partes presentaron los alegatos correspondientes. Contando con sus comparecencias, procedemos a resolver.

## II

### A.

Es norma reiterada que la Sentencia Sumaria es un mecanismo procesal que nuestro ordenamiento jurídico provee para propiciar la solución rápida, justa y económica de los pleitos en los cuales es innecesario celebrar un juicio plenario. *Meléndez González v. M. Cuebas,* 193 DPR 100 (2015). Esta procede cuando no existen controversias reales y sustanciales en cuanto a los hechos materiales del caso, por lo que únicamente resta que el tribunal aplique el derecho. Íd.; *Oriental Bank v. Perapi et al.,* 192 DPR 7 (2014); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013).

La Regla 36.3 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.36.3, dispone que para que una controversia se

adjudique por la vía sumaria, se necesita que "[...] las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente, y, además, si el derecho aplicable así lo justifica". De cumplir con ello, resulta innecesaria la celebración de un juicio para disponer de los asuntos pendientes, ya que lo que resta sería aplicar el derecho a los hechos no controvertidos. *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 299 (2012).

Dicho de otra forma, solamente procede dictar sentencia sumaria cuando surge claramente que ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para resolver la controversia. Íd. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Íd.; *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010). Sin embargo, este Tribunal ha expresado que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria. Debe tratarse de una incertidumbre que permita concluir que existe una controversia real sobre hechos relevantes y pertinentes. *Ramos Pérez v. Univisión, supra,* pág. 214.

La parte que promueve la sentencia sumaria deberá establecer su derecho con claridad y demostrar que no existe

controversia sustancial sobre algún hecho material. *Municipio de Añasco v. ASES et al.*, 188 DPR 307, 310 (2013). Específicamente, la moción de sentencia sumaria debe contener: una breve exposición de las alegaciones de las partes, los asuntos litigiosos en controversia, la causa de acción sobre la cual se solicita el remedio, una relación concisa y organizada en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia, con indicación de los párrafos o páginas de la prueba documental donde se establecen, la argumentación del derecho aplicable y el remedio que se solicita. Regla 36.3 (a) de Procedimiento Civil, *supra.*

Igualmente, la parte que se opone a la sentencia sumaria tiene que cumplir con los requisitos de la Regla 36 de Procedimiento Civil, *supra*. Entiéndase, debe enumerar los hechos materiales de buena fe controvertidos y aquellos sobre los que no hay controversia. Se deberá indicar los párrafos o páginas de la prueba documental que establezcan o impugnen cada hecho. Íd. Por otro lado, esta parte no puede tomar una actitud pasiva y descansar en las aseveraciones o negaciones que consigne en su alegación. *Roldán Flores v. M. Cuebas,* 199 DPR 664, 677 (2018). Esta debe enfrentar la moción de la parte contraria de manera tan detallada y específicamente como el promovente de la solicitud. *SLG Zapata-Rivera v. J.F. Montalvo, supra,* pág. 432. De no hacerlo, corre el riesgo de que se dicte sentencia en su contra. Íd.

Por último, puntualizamos que los foros apelativos se encuentran en la misma posición que el foro primario al evaluar la procedencia de una sentencia sumaria. *Rivera Matos et al. v. Triple-S et al.,* 204 DPR 1010, 1025 (2020). Por lo tanto, los tribunales revisores están llamados a examinar el expediente *de novo* y verificar que las partes cumplieron con las exigencias de la Regla 36.3 de Procedimiento Civil, *supra.* Íd. Si el foro revisor encuentra que los hechos materiales adoptados están incontrovertidos, entonces procederá a revisar si el foro primario aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas, supra,* pág. 118.

### B.

La Ley Núm. 184-2012, *supra,* se aprobó con el propósito de proteger la vivienda principal de una persona ante los efectos de la crisis inmobiliaria de 2007 que sacudió a Puerto Rico. *Franklin Credit Management Corp. v. George Riviello*, 209 DPR 555, 563 (2022). Así, la Ley Núm. 184-2012 inserta un proceso de mediación compulsoria previo a que cualquier institución bancaria lleve un proceso de ejecución de hipoteca de una propiedad principal de vivienda en Puerto Rico ante nuestros tribunales o los foros administrativos correspondientes. Exposición de Motivos, Ley Núm. 184-2012, *supra.*

**El acto de citar para una vista de mediación es un requisito jurisdiccional** que el tribunal debe cumplir en los casos en los que un acreedor solicite la ejecución de la

vivienda principal de un deudor, salvo en los casos en que este último se encuentre en rebeldía o cuando el tribunal eliminó sus alegaciones. *Bco. Santander v. Correa García*, 196 DPR 452, 472 (2016). Por tanto, **si el tribunal incumple con el requisito de ordenar la celebración de la vista de mediación, carecerá de jurisdicción para emitir sentencias y ordenar ventas judiciales**. Íd. El Art. 3 de la Ley Núm. 184-2012, *supra,* dispone que en la vista de mediación compulsoria se le informará verbalmente y por escrito al deudor hipotecario:

> [...] **todas las alternativas disponibles en el mercado de acuerdo al tipo de préstamo e inversionista para poder evitar la privación del inmueble al deudor, ejecución de la hipoteca o la venta judicial de una propiedad residencial que constituya una vivienda principal**, incluyendo aquellas alternativas que no dependen de la capacidad económica del deudor, como lo son la venta corta ('short sale'), la dación en pago, entrega voluntaria de título, y otros remedios que eviten que el deudor pierda su hogar o que, de perderlo, se minimicen las consecuencias negativas sobre el deudor. (negrilla suplida).

Conforme a lo anterior, este Tribunal ha interpretado que si no se cumple con el requisito jurisdiccional de la mediación compulsoria en los casos que aplique, no podrá dictarse Sentencia ni ordenarse la venta judicial del inmueble que se utiliza como residencia principal. *Franklin Credit Management Corp. v. George Riviello, supra,* pág. 565; *Bco. Santander v. Correa García, supra,* pág. 567. Ahora bien, la extensión del proceso de mediación y su resultado dependerá de la conducta de las partes. *Bco. Santander v. Correa García, supra,* pág. 474. Acorde con ello, el tribunal

podrá continuar el proceso judicial cuando: (1) el acreedor acudió a la vista de mediación pero el deudor no se presentó; (2) **las partes acudieron a la vista y se cumplieron los requisitos de ley, pero no llegaron a un acuerdo,** o (3) el deudor incumplió con los acuerdos contraídos como resultado del proceso de mediación. Íd. 32 LPRA sec. 2882. Sobre la conducta del acreedor hipotecario durante el proceso de mediación compulsoria, el citado Art. 3 de la Ley le impone a este el deber de actuar de buena fe en cuanto al ofrecimiento al deudor de todas las alternativas disponibles en el mercado. *Scotiabank v. Rosario Ramos,* 205 DPR 537, 557 (2020).

## III

En sus señalamientos de error, el señor Caballero García primeramente aduce que erró el Tribunal de Apelaciones al confirmar la Sentencia Sumaria que dictó el foro primario. Señala que existen hechos materiales en controversia que impiden la disposición del litigio por la vía sumaría. Además, arguye que el caso debió ser devuelto al Centro de Mediación de Conflictos ya que no se cumplió con los requisitos de mediación compulsoria que estableció la Ley Núm. 184-2012, *supra.* Le asiste la razón parcialmente al peticionario. Veamos.

El foro primario estableció correctamente los hechos materiales del caso y que no hay controversia sobre estos, lo cual le permitió concluir que el peticionario incumplió con los términos de pago de un préstamo tipo *balloon* que

estaba garantizado con una hipoteca sobre su vivienda principal. Surge claramente del Pagaré que el peticionario, para pagar un préstamo por la suma principal de $106,000.00 a una tasa de interés de 6.875%, se obligó a pagar $696.34 mensualmente desde octubre de 2004 hasta satisfacer la deuda, excepto que cualquier remanente quedaría vencido y pagadero el 1 de septiembre de 2019.[5] Este lenguaje por sí solo denota el carácter *balloon* del último pago, pues un préstamo de la cantidad mencionada sujeto al antedicho interés conllevaría un pago mucho mayor al acordado si fuese a satisfacerse en el término de quince (15) años mediante pagos que fuesen todos de la misma exacta cantidad. Además, surge del *Truth in Lending Disclosure Statement* que el peticionario estaba sujeto a realizar 179 pagos de $696.34 a partir de octubre de 2004, y un pago de $78,776.10 vencedero el 1 de septiembre de 2019.[6] Ambos documentos fueron firmados por el señor Caballero García.

No obstante, los foros recurridos aplicaron incorrectamente el derecho ya que no procedía dictar Sentencia y conceder el remedio que solicitó Oriental sin antes cumplir con el proceso de mediación compulsoria. Consecuentemente, erró el foro apelativo intermedio al confirmar el dictamen de instancia y determinar que en el caso de autos se cumplió con este.

---

[5] Apéndice de *Certiorari,* págs. 94-95.
[6] Apéndice de *Certiorari,* págs. 99-100.

Según adelantamos, debió referirse el caso nuevamente al procedimiento de mediación compulsoria para así cumplir con lo que establece la Ley Núm. 184-2012, *supra*. El caso de autos fue devuelto al foro primario luego de haberse referido al procedimiento de mediación compulsoria por existir una controversia sobre la liquidez de la deuda que motivó la causa de acción. Específicamente, la mediadora expresó que la controversia sobre la liquidez de la deuda era un asunto de derecho que escapaba la autoridad del personal del Centro de Mediación Compulsoria, por lo que era el Tribunal de Primera Instancia el foro que debía resolverla. Además, precisamente indicó que, de ser necesario, el caso podía ser referido nuevamente al Centro de Mediación de Conflictos. Además, consta del expediente de autos que, a pesar de la celebración de dos (2) reuniones de mediación, en realidad ninguna de estas cumplió con los requisitos que impone la Ley Núm. 184-2012 para determinar que se cumplió con el proceso de mediación.

En las reuniones no se pudo llegar a un acuerdo ya que surgieron controversias sobre la liquidez de la deuda del préstamo otorgado. Esto impidió que el proceso de mediación se realizara conforme a derecho. De los autos no surge que en alguna de las dos (2) reuniones se cumplió con el requisito de que el acreedor le ofreciera todas las opciones en el mercado al deudor con tal de que este pueda retener su vivienda principal y se procediera a una negociación de buena

fe entre las partes. **Sin ello, no se puede dar por cumplido el requisito jurisdiccional de la mediación compulsoria.**

El mero hecho de que las partes comparezcan a una vista de mediación y no lleguen a un acuerdo, sin más, no es suficiente para determinar que el proceso de mediación culminó infructuosamente. Previo a disponer del caso por la vía judicial, los tribunales deben asegurarse de que la mediación compulsoria se llevó a cabo conforme a nuestro ordenamiento jurídico. Por lo tanto, el Tribunal de Primera Instancia estaba impedido de dictar Sentencia en el caso u ordenar la venta judicial del inmueble hasta tanto culminara el procedimiento de mediación entre las partes, luego de que se le ofrecieran al peticionario todas las alternativas disponibles en el mercado para que este no pierda su residencia principal. *Franklin Credit Management Corp. v. George Riviello, supra.*

En cambio, el foro primario debió resolver la controversia sobre la liquidez de la deuda, tal como hizo, y devolver el caso al Centro de Mediación de Conflictos. En efecto, la prueba documental que presentó Oriental en su moción de sentencia sumaria es suficiente para determinar que el préstamo en controversia es uno tipo *balloon* y que el peticionario incumplió con los términos del pagaré que suscribió. Sin embargo, al así resolver, el foro primario únicamente podía dictar Sentencia y conceder el remedio correspondiente en derecho si: el proceso de mediación culminaba por: 1) el deudor no acudir a la vista de

mediación; 2) ambas partes acudieron a la vista, en la cual **cumplieron con los requisitos de la Ley Núm. 184-2012 pero las partes no llegaron a un acuerdo,** o 3) el deudor incumplía con los acuerdos que se contrajeron en el proceso de mediación.

Ninguna de estas circunstancias se cumplió en este caso. Por lo tanto, los foros inferiores estaban impedidos de dar el procedimiento de mediación por cumplido y ordenar el pago de la suma reclamada y, en su defecto, autorizar la venta en subasta pública de la vivienda principal del señor Caballero García. Aclarado lo anterior, resolvemos que cuando surja una controversia sobre la liquidez de la deuda en un caso de cobro de dinero y ejecución de hipoteca, el Tribunal de Primera Instancia la deberá resolver antes de referir el asunto al Procedimiento de Mediación Compulsoria, cuando este aplique. Asimismo, si un caso es devuelto al foro primario por surgir una controversia de derecho que impidió la efectiva realización del procedimiento de mediación según lo establece la Ley Núm. 184-2012, *supra*, el Tribunal deberá resolverla conforme al derecho aplicable, para así asegurar que el procedimiento de mediación compulsoria sea efectivo y conforme a lo dispuesto en la Ley. Solo cuando el Tribunal de Primera Instancia se asegure de que el procedimiento de mediación compulsoria se cumplió, podrá dictar la Sentencia que proceda. De lo contrario, deberá referir el caso nuevamente para que se complete el

proceso que requiere la Ley Núm. 184-2012, *supra,* y su jurisprudencia interpretativa.

**IV**

Por los fundamentos antes expuestos, se revoca al Tribunal de Apelaciones y se modifica la Sentencia que dictó el foro primario a los fines de eliminar la orden de pagar la suma reclamada y, en su defecto, ordenar la venta judicial del inmueble. Así, devolvemos el caso al Tribunal de Primera Instancia para que este foro refiera nuevamente el caso al procedimiento de mediación compulsoria. Se dictará Sentencia de conformidad.

Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Oriental Bank<br><br>      Recurrido<br><br>      v.<br><br>Héctor Agustín Caballero García<br><br>      Peticionario | CC-2022-0566 | |

SENTENCIA

En San Juan, Puerto Rico, a 23 de agosto de 2023.

Por los fundamentos antes expuestos, se revoca al Tribunal de Apelaciones y se modifica la Sentencia que dictó el foro primario a los fines de eliminar la orden de pagar la suma reclamada y, en su defecto, ordenar la venta judicial del inmueble. Así, devolvemos el caso al Tribunal de Primera Instancia para que este foro refiera nuevamente el caso al procedimiento de mediación compulsoria.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

                    Javier O. Sepúlveda Rodríguez
                    Secretario del Tribunal Supremo