Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **HECTOR SANTANA HERNANDEZ**<br><br>Apelante<br><br>v.<br><br>**OPTIMAS SEGUROS Y OTROS**<br><br>Apelados | KLAN202301087 | **APELACION**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.:<br>**SJ2022CV10164 (805)**<br><br>Sobre:<br>**DAÑOS Y PERJUICIOS CAIDA** |

Panel integrado por su presidenta la juez Domínguez Irizarry, la juez Grana Martínez y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 8 de febrero de 2024.

Comparece ante nos, Héctor Santana Hernández, en adelante Santana Hernández o apelante, solicitando que revisemos la *"Sentencia"* del 11 de octubre de 2023, emitida por el Tribunal de Primera Instancia Sala de San Juan, en adelante, TPI-San Juan. En su dictamen, el Foro Apelado desestimó *con perjuicio* la causa de acción por concepto de daños y perjuicios, incoada por el apelante.

Por los fundamentos que expondremos a continuación, *confirmamos* la sentencia apelada.

### I.

El 24 de noviembre de 2021, Santana Hernández sufrió una caída en el Residencial Alejandrino del Municipio de San Juan, debido a un desnivel en una alcantarilla pluvial. Por este evento, se presentó una demanda por daños y perjuicio contra el Municipio de San Juan y la aseguradora Óptima Seguros, en adelante, Óptima.

En su demanda, el apelante alegó haber sufrido daños físicos y mentales, daños especiales ascendentes a $1,000.00 y un impedimento parcial permanente.[1] Por estos daños, se le reclamaron a las apeladas la cantidad de $60,000.00.

Posterior a algunos incidentes procesales, el 24 de abril de 2023, Óptima presentó su *"Contestación a Demanda".*[2] En el proceso de descubrimiento de prueba, se le realizó una deposición a Santana Hernández el día 10 de agosto de 2023. [3]

Sin embargo, el 26 de septiembre de 2023, una *"Moción en Solicitud de Sentencia Sumaria al Amparo de la Regla 36.3 de Procedimiento Civil"* fue presentada por Óptima.[4] En esencia, la moción para que se dictara sentencia sumariamente alegaba que el accidente sufrido por el demandante fue su responsabilidad. En la mencionada moción, Óptima expone que los siguientes hechos no están en controversia:[5]

1. El demandante trabaja en el Residencial Alejandrino donde ocurre su caída.
2. El demandante labora allí 40 horas semanales.
3. El demandante trabaja en las áreas exteriores del Residencial.
4. El 24 de noviembre de 2021 el demandante Héctor Santana se cayó mientras caminaba en los predios del Residencial Alejandrino ubicado en el Municipio de San Juan.
5. Su caída ocurre en horas del día.
6. Ese día estaba soleado y no había llovido.
7. El demandante pasaba frecuentemente por el área donde se encuentra la alcantarilla.
8. El demandante pasó por encima de la alcantarilla, no por el lado, e indica que una persona lo llama y mira para atrás, resultando en su caída.
9. El demandante podía dirigirse a su destino sin tener que pasar por la alcantarilla.

---

[1] Apéndice del recurso, pág. 16.
[2] *Id.* pág. 52.
[3] *Id.* pág. 63.
[4] *Id.* pág. 63.
[5] *Id.* pág. 69.

10. El demandante admite que, de haber mirado hacia el frente, habría esquivado la alcantarilla para no caerse.
   *(Óptima cita este hecho como un segundo número cinco (5) y Hernández Santana como el cinco (5) b).*

11. El demandante desconoce si la alcantarilla se veía igual el día de su caída a como luce en las fotografías que sacó posteriores a la caída.
   *(Óptima cita este hecho como un segundo número seis (6) y Hernández Santana como el número seis (6) b).*

Por su parte, el apelante presentó su *"Oposición a Solicitud de Sentencia Sumaria"* el 4 de octubre de 2023.[6] En su escrito, Santana Hernández admitió que en los hechos 1-6 son incontrovertibles.[7] Sin embargo, en cuanto al hecho 7, lo negó. Alegó que la apelada citó al apelante de manera errónea, y que este no frecuentaba el área donde ocurrió el incidente.

Con relación a los hechos 8, 9 y 5b, el apelante también los negó. Argumentó que Óptima intentaba hacerle creer al Foro Apelado, erróneamente, que el accidente ocurrió porque Santana Hernández miró hacia atrás cuando caminaba el día de los hechos.[8] Arguyó que el apelante sostuvo, en su deposición, que el accidente se debió al desperfecto de la alcantarilla.[9]

Finalmente, en cuanto al hecho 6b, el apelante negó haber admitido no saber si la alcantarilla se ve igual en las fotos, a como se veía el día de la caída. Santana Hernández procedió, entonces, a corregir el error textual de la cita aludida en el hecho 6b.

En consecuencia, el apelante le solicitó al Foro Primario que declarara "No Ha Lugar" la *"Moción de Sentencia Sumaria",* y ordenara la continuación de los procesos.[10]

---

[6] Apéndice del recurso, pág. 164.
[7] *Id.* pág. 165.
[8] *Id.* pág. 166.
[9] *Id.* págs. 166-67.
[10] *Id.* pág. 171.

Así las cosas, el 11 de octubre de 2023, el TPI-San Juan dictó la sentencia apelada, y declaró "Ha Lugar" la moción dispositiva en cuestión. En la misma, el Foro Primario determinó acoger en su totalidad los hechos y fundamentos presentados por Óptima, en su solicitud para que se dicte sentencia sumaria.[11] Por ser relevante a la controversia presentada, destacamos que el Foro Apelado, amparado en una jurisprudencia citada al pie de la sentencia, señaló que en el caso de autos era innecesario consignar los hechos sobre los cuales no existe controversia, dado que estos son los que fueron propuestos por el promovente en su moción.[12]

Inconforme, el apelante presentó ante el TPI-San Juan una *"Moción de Reconsideración",* el 17 de octubre de 2023.[13] El 8 de noviembre de 2023, el Foro Apelado declaró "No Ha Lugar" la reconsideración solicitada.[14]

Concluida las gestiones procesales a su disposición en el Foro Primario, el 4 de diciembre de 2023, Santana Hernández compareció ante esta Curia mediante un recurso apelativo. En el mismo plantea el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA RECLAMACIÓN EN FAVOR DE OPTIMA SEGUROS POR, ALEGADAMENTE, HABER OCURRIDO EL ACCIDENTE POR UN DESCUIDO DEL APELANTE.

El 6 de diciembre de 2023, mediante *"Resolución",* ordenamos a la parte apelante evidenciar el cumplimiento con lo dispuesto en la Reglas 13b y 14b del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13b y R. 14b. Además, se le advirtió a la parte apelada que tenía treinta (30) días para presentar su alegato en oposición, el cual fue oportunamente radicado el 8 de junio de 2023.

---

[11] Apéndice del recurso, pág. 1.
[12] *Id*. El caso citado fue *Pérez Vargas v. Office Depot*, 203 DPR 687, 704 (2019).
[13] *Id*. pág. 2.
[14] *Id*. pág. 12.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, es un vehículo para asegurar la solución justa, rápida y económica de un caso. *Oriental Bank v. Caballero García,* 2023 TSPR 103, 212 DPR ___ (2023); *González Meléndez v. Municipio Autónomo de San Juan y otros,* 2023 TSPR 95, 212 DPR ___ (2023); Acevedo *Arocho y otros v. Departamento de Hacienda de Puerto Rico y otros,* 2023 TSPR 80, 212 DPR ___ (2023); *Universal Insurance Company y otros v. Estado Libre Asociado de Puerto Rico y otros,* 2023 TSPR 24, 212 DPR ___ (2023). Dicho mecanismo permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Oriental Bank v. Caballero García,* supra; *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964, 979-980 (2022). Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Segarra Rivera v. Int'l. Shipping et al.,* supra. Como es sabido, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba

incontrovertible sobre todos los elementos indispensables de su causa de acción. *Segarra Rivera v. Int'l. Shipping et al.*, supra.

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma, con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García,* supra; *Pérez Vargas v. Office Depot,* supra, pág. 698. Si la parte promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 111 (2015).

Por otro lado, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra*,* pág. 43. Por el contrario, quien se opone a que se declare con lugar esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho la parte promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.*

Por ello, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe puntualizar aquellos hechos propuestos

que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la antes citada Regla 36.3 de Procedimiento Civil, *supra. Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* De lo anterior, se puede colegir que, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra*, la consideración de sus posiciones descansa en la sana discreción del Tribunal.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *E.L.A. v. Cole,* 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues solo procede si bajo ningún supuesto de hechos prevalece la parte promovida. *E.L.A. v. Cole,* supra, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador o juzgadora debe actuar guiado por la prudencia y ser consciente, en todo momento, que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra, pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Acevedo Arocho y otros v. Departamento de Hacienda de Puerto Rico y otros,* supra; *Segarra Rivera v. Int'l. Shipping et al.,*

supra. Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.* No obstante, la sentencia sumaria procederá si atiende cuestiones de derecho. *Universal Insurance Company y otros v. Estado Libre Asociado de Puerto Rico y otros*, supra.

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. Sobre ese particular, nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

> *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Relevante al caso de autos, es importante destacar que cuando un Foro Primario concede una sentencia sumaria, está eximido de consignar sus determinaciones de hechos. *Pérez Vargas v. Office Depot,* supra, pág. 704. El Tribunal de Primera Instancia

está compelido por las Reglas de Procedimiento Civil, supra, a exponer los hechos controvertidos e incontrovertidos cuando deniega parcial o totalmente una solicitud de sentencia sumaria. *Pérez Vargas v. Office Depot,* supra, pág. 706.

Conforme a lo anterior, "nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria". *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019). Por ello, nuestra revisión es una *de novo*, y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, supra, y su jurisprudencia interpretativa. Id. De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. Id.

### III.

Santana Hernández acude ante nos arguyendo que el TPI-San Juan se equivocó al desestimar la demanda en daños y perjuicios incoada en contra de la apelada. Entendemos que *no le asiste razón.*

En su pronunciamiento al respecto, el Foro Primario acogió todas las determinaciones de hechos no controvertidas presentadas en la moción para dictar sentencia sumaria. En su oposición a la moción, el apelante alega controversia sobre cinco (5) determinaciones.

La primera de las determinaciones de hecho a la que el apelante se opone es al número siete (7), la cual establece que "[e]l demandante pasaba frecuentemente por el área donde se encuentra la alcantarilla". Sin embargo, en la deposición que se le tomó, el apelante indicó en la afirmativa que en "otras ocasiones [...] había

caminado de la oficina a la cancha", y que en esas mismas diversas ocasiones "había visto esa alcantarilla".[15]

El apelante se ampara en una explicación que dio más adelante, cuando específicó que le pasaba por el lado a la alcantarilla, o que no recuerda cuantas veces había tomado la ruta que lo cruzaba con la alcantarilla, más adelante expresando que habían sido unas cinco (5) veces aproximadamente.[16] Entendemos que, de sus expresiones en la deposición, queda meridianamente claro que ni la ruta hacia la alcantarilla, ni los alrededores de esta, estaban ajenos al conocimiento del apelante, quien llevaba más de dos (2) años trabajando en ese lugar.

El apelante niega los hechos número 8, 9 y 5b. En estos hechos, Óptima alega que "[e]l demandante pasó por encima de la alcantarilla, no por el lado, e indica que una persona lo llama y mira para atrás, resultando en su caída; "[e]l demandante podía dirigirse a su destino sin tener que pasar por la alcantarilla y que "[e]l demandante admite que, de haber mirado hacia el frente, habría esquivado la alcantarilla para no caerse". En su oposición, Santana Hernández arguye que estas determinaciones alegan que fue negligente en la forma que anduvo por la alcantarilla. Por su parte, el apelante insiste en que la caída es un resultado de desperfectos con la alcantarilla, no su descuido.

Sin embargo, en su deposición, Hernández Santana admite haber mirado hacia atrás, mientras seguía caminando, al momento de la caída. Incluso, expresa que "***cuando [...] mir[ó] para adelante ya era tarde***".[17] Entendiendo la frase "era tarde" como el momento de la caída, concluimos que, al caerse, el apelante se encontraba mirando para atrás, o quizá para adelante. Pero ***no*** hacia delante.

---

[15] Apéndice del recurso, pág. 111.
[16] Apéndice del recurso, págs. 29-30.
[17] *Id*. pág. 114.

Más adelante admitió saber que la alcantarilla se encontraba allí, mientras miraba hacia atrás.[18] Indica, además, que, aunque estaba mirando hacia atrás, no pensó que le pasaría lo que ocurrió.[19]

Distinguimos, entonces, que el apelante tenía conocimiento del lugar donde se encontraba la alcantarilla, había caminado en varias ocasiones previas en sus alrededores, y que, con este conocimiento, caminó sin precaución por encima de ella, el día del incidente.

Finalmente, Hernández Santana niega la determinación de hecho número seis (6) b. En ella, Óptima estableció que "[e]l demandante desconoce si la alcantarilla se veía igual el día de su caída a como luce en las fotografías que sacó posteriores a la caída". En su oposición, el apelante alega que Óptima citó erróneamente la declaración hecha en la deposición con la que basa su determinación de hecho. Alega que Hernández Santana quiso decir lo opuesto a lo insinuado por Óptima en su moción de sentencia sumaria.

Para esto, cita lo que expuso la apelada en su moción dispositiva, y luego, lo que, según el apelante, es la corrección. Sin embargo, ambos textos, y la forma en que reza en la transcripción de la deposición, son exactamente iguales. Entendemos que, de su declaración al respecto, visto desde la transcripción de la deposición, solo se puede concluir que el apelante no sabe o no está seguro de como lucía la alcantarilla antes de que se tomaran las fotografías en cuestión.

Habiendo hecho el ejercicio de evaluar *de novo* las determinaciones de hechos no controvertidas planteadas por Óptima, nos hemos colocado en la misma posición que estuvo el Foro Primario para evaluar las mismas. **Determinamos que el**

---

[18] Apéndice del recurso, pág. 114.
[19] *Id.*

*apelante no pudo controvertir los hechos presentados en la solicitud de sentencia sumaria presentada por Óptima*; era responsabilidad del demandante añadir hechos que a su entender estuviesen en controversia. No hemos encontrado prejuicio, error manifiesto, pasión o parcialidad en la determinación del TPI-San Juan.

Finalmente, el apelante alega que el Foro Apelado se equivocó al adoptar las determinaciones de la sentencia sumaria que lo responsabilizan por su accidente. Por ello, deseamos señalar las expresiones de nuestro Alto Foro, en un caso contra el Municipio de Mayagüez, por una caída sufrida en una acera del mismo: "Recuérdese que *si bien un peatón no está obligado a constantemente ir mirando hacia la superficie, ciertamente debe evitar el caminar ajeno a aquellas situaciones visibles a su perspectiva visual*". *Torres v. Municipio de Mayagüez,* 111 DPR 158, 163 (1981). (Énfasis suplido).

## IV.

Por esto, y todos los fundamentos antes expuestos, *confirmamos la "Sentencia" apelada.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre con el resultado. No encontramos en la oposición a la sentencia sumaria, la alegación de negligencia comparada como un posible hecho material en controversia. Conforme derecho, la parte que se opone a una solicitud de sentencia sumaria debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. Era

responsabilidad del demandante añadir hechos que, a su entender,

estuviesen en controversia, y no lo hizo.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones