Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JUDITH SÁNCHEZ SANTIAGO<br><br>Apelante<br><br>v.<br><br>MUNICIPIO DE JUNCOS<br><br>Apelado | KLAN202400042 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: CG2019CV02903 Salón; 702<br><br>Sobre: Discrimen por Impedimento (Ley #44), Ley de Represalias en el Empleo (Ley #115-1991) |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece la señora Judith Sánchez Santiago (señora Sánchez Santiago o apelante) mediante un *Escrito de Apelación.* En su recurso, nos solicita la revocación una *Sentencia* emitida el 9 de noviembre de 2023 y notificada el 15 de noviembre de 2023 por el Tribunal de Primera de Primera Instancia, Sala de Caguas. En la referida determinación, el foro primario desestimó a través de la vía sumaria una *Demanda* instada en contra del Municipio Autónomo de Juncos (Municipio). Examinado el recurso ante nuestra consideración, confirmamos el dictamen apelado.

El 8 de agosto de 2019, la señora Sánchez Santiago instó una *Demanda* al amparo de la Ley para Prohibir el Discrimen Contra las Personas con Impedimentos Físicos, Mentales o Sensoriales, Ley Núm.

Número Identificador

SEN2024 _____

44 de 2 de Julio de 1985 (1 LPRA sec. 50) y la Ley contra el Despido Injusto o Represalias a Todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial, Ley Núm. 115 de 20 de diciembre de 1991 (29 LPRA sec. 194). En síntesis, alegó que ocupaba el cargo de Oficinista I en el Municipio de Juncos. Puntualizó que padece del trastorno de bipolaridad, pero tal condición no es impedimento para desempeñarse en su empleo. Añadió que su tratamiento incluye medicamentos.

Relató que tras el paso del huracán María su área de trabajo se encontraba afectada. Indicó que cuando acudió a su nueva oficina se encontraba ocupada por una secretaria. Manifestó que comunicó dicha situación al señor Yamil Sanabria, quien era su supervisor inmediato. Sin embargo, alegó que éste le preguntó si había ingerido sus medicamentos.

Argumentó que a raíz de dicha situación acudió al psicólogo, quien le recomendó gestionar una licencia a su patrono debido a su deterioro emocional. Indicó que el Municipio le concedió una Licencia Médico Familiar a partir del 19 de diciembre de 2017 hasta el 21 de marzo de 2018. Expuso que luego solicitó la extensión del término de licencia, sin embargo, se le informó que no tenía derecho a dicha extensión. Arguyó que su patrono le indicó que su única alternativa sería renunciar, o de lo contrario, incurriría en abandono del empleo. Por tales hechos, reclamó una cuantía de $340,736.00 en concepto de daños y perjuicios y salario dejado de percibir. Por su parte, el Municipio de Juncos sometió su *Contestación a Demanda*. Argumentó que nunca discriminó ni actuó en represalia contra la demandante.

Señaló que la reclamación presentada no aduce un caso *prima facie* de discrimen ni de represalia.

Posteriormente, la demandante presentó una *Solicitud de Sentencia Sumaria* acompañada de prueba documental. Indicó que luego de la situación ocurrida con el señor Sanabria, sometió una reclamación ante la Corporación del Fondo de Seguro del Estado (CFSE). Adujo que dicha entidad le prescribió un tratamiento de descanso hasta el 10 de abril de 2018. Sin embargo, alegó su supervisor inmediato exhibió un trato discriminatorio y en represalia por ésta haber presentado una reclamación ante la aludida corporación. Así expuesto, adujo que no existen hechos en controversias, y solicitó aplicar el derecho correspondiente y dictar sentencia sumaria a su favor.

En respuesta, la parte apelada sometió su *Moción en Oposición a Solicitud de Sentencia Sumaria* acompañada de una declaración jurada. Impugnó la alegación de represalia bajo el fundamento de que no extendió el término de licencia, pues le concedió a la demandante el beneficio de doce (12) semanas fuera del centro laboral de conformidad a su contrato de empleada transitoria. Alegó que la demandante no se presentó a trabajar una vez concluyó el tratamiento de descaso. En vista de lo anterior, peticionó que el foro primario no acogiera la solicitud de sentencia sumaria.

Evaluados los argumentos esbozados, así como la totalidad del material probatorio presentado, determinó que no existen hechos medulares en controversia. Resolvió que la demandante no presentó un caso *prima facie* de discrimen, ni expuso los elementos esenciales para prevalecer en una reclamación de represalia. En vista de lo anterior, desestimó sumariamente la causa de acción instada.

Inconforme con el dictamen, la señora Sánchez Santiago acudió ante nos mediante un *Escrito de Apelación*. En esencia, limitó su señalamiento de error a la desestimación de la causa de acción sobre represalia. Según la apelante, luego de recurrir al CSFE, la parte apelada determinó no extender su contrato como acción adversa. En respuesta, el Municipio sometió un documento intitulado *Alegato de la Parte Apelada*. En ajustada síntesis, argumentó que la terminación de su contrato laboral ocurrió por no regresar a su trabajo. Reiteró que no tomó ninguna acción adversa en contra de la apelante.

Como es sabido, la moción de sentencia sumaria es un mecanismo procesal que permite la ágil disposición de casos sin la celebración de un juicio, siempre que no existan controversias genuinas de hechos materiales. *Birriel Colón v. Supermercado Los Colobos*, 2023 TSPR 120; *Segarra Rivera v. International Shipping Agency, Inc*., 208 DPR 964 (2022). El propósito de esta moción es que los pleitos civiles sean solucionados de forma justa, rápida y económica. *Acevedo Arocho v. Departamento de Hacienda de Puerto Rico*, 2023 TSPR 80; *SLG Fernández-Bernal v. RAD-MAN et al*., 208 DPR 310 (2021).

Nuestro ordenamiento jurídico permite dictar sentencia sumaria si el tribunal queda claramente convencido de que tiene ante sí, de forma incontrovertida, todos los hechos materiales pertinentes y que una vista en los méritos es innecesaria. *Birriel Colón v. Supermercado Los Colobos*, *supra*; *SLG Fernández-Bernal v. RAD-MAN et al*., *supra*, pág. 337. Ahora bien, la Regla 36 de Procedimiento Civil, (32 LPRA Ap. V) exige que la parte promovente establezca su derecho con claridad y demuestre que no existe controversia sustancial sobre algún

hecho materia. *Ramos Pérez v. Univisión*, 178 DPR 200 (2010); *González Aristud v. Hosp. Pavía*, 168 DPR 127 (2006).

A esos fines, la Regla 36.3(e) de Procedimiento Civil, *supra*, dispone que procede dictar sentencia sumaria si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica. *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414 (2013). En tal caso, "se permite disponer de asuntos pendientes ante el foro judicial sin necesidad de celebrar un juicio, ya que únicamente resta aplicar el derecho a los hechos no controvertidos". Íd. pág. 430.

No obstante, no debe concederse este remedio cuando: (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. *Acevedo Arocho v. Departamento de Hacienda de Puerto Rico, supra; Fernández-Bernal v. RAD-MAN et al*., *supra*.

Conviene destacar que, los foros revisores nos encontramos en igual posición que el tribunal de instancia para determinar si procede decretar una sentencia sumaria. *Birriel Colón v. Supermercado Los Colobos*, *supra*. Nuestra facultad se limita a examinar de *novo* el expediente y verificar que se cumplan las formalidades procesales. *Fernández Martínez v. RAD-MAN San Juan III-D, LLC; Rivera Matos et al. v. Triple-S et al*., 204 DPR 1010 (2020). De resolver que los

hechos materiales realmente están incontrovertidos, entonces procede evaluar si el foro primario aplicó correctamente el derecho. *Oriental Bank v. Caballero García*, 2023 TSPR 103. Véase, también, *Fernández Martínez v. RAD-MAN San Juan III-D, LLC, supra.*

Por otro lado, la Ley Contra el Despido Injusto o Represalias a Todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial, Ley Núm. 115 de 20 de diciembre de 1991, (29 LPRA sec. 194), según enmendada (Ley Núm. 115), protege "a los trabajadores contra posibles represalias por parte de los patronos, motivadas por el ofrecimiento de algún testimonio o alguna información ante ciertos foros". *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656, 668 (2017); *Cordero Jiménez v. UPR*, 188 DPR 129, 136 (2013). La precitada disposición legal permite instar una causa de acción en aquellas instancias en las que el empleado realiza una actividad protegida y luego es despedido, amenazado o discriminado en el empleo. *Rivera Figueroa v. Autoridad de Acueductos y Alcantarillados*, 177 DPR 345 (2009); *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149 (2007).

La protección de esta medida legislativa se extiende todos los empleados del Gobierno. *Cordero Jiménez v. UPR*, 188 DPR 129 (2013). Ahora bien, esta protección legal no opera de manera automática. La Ley Núm. 155, *supra*, dispuso dos vías probatorias para presentar esta reclamación. *Velázquez Ortiz v. Mun. de Humacao*, *supra*. Como primera alternativa, establece que el empleado podrá "probar la violación mediante evidencia directa o circunstancial". (29 LPRA sec. 194b). En segunda alternativa, "podrá además establecer un caso prima facie de violación a la ley probando que participó en una

actividad protegida por esta ley y que fue subsiguientemente despedido, amenazado o discriminado en su contra de su empleo". (29 LPRA sec. 194b). Este segundo criterio exige demostrar que el patrono tomó una acción adversa y que existe un nexo causal entre dicha acción y el ejercicio de la actividad protegida. *Velázquez Ortiz v. Mun. de Humacao, supra,* pág. 671. La relación de causalidad puede establecerse mediante el criterio de proximidad de tiempo. Íd. En tales casos, corresponde establecer que la acción adversa ocurrió al poco tiempo de haber participado en la actividad protegida. Íd.

Tras examinar detenidamente la *Solicitud de Sentencia Sumaria,* así como su *Oposición* y su respectivo material probatorio, determinamos que actuó correctamente el foro primario al desestimar la demanda sumariamente. Surge de la evidencia que obra en el expediente, que la señora Sánchez Santiago no presentó los elementos probatorios esenciales para prevalecer en la causa de acción de represalia de conformidad a la Ley Núm. 115, *supra*.

La terminación de contrato laboral responde al abandono del empleo por parte de la apelante. Es un hecho incontrovertido que el patrono apelado le concedió una Licencia Médico Familiar efectiva desde el 19 de diciembre de 2017 hasta el 21 de marzo de 2018. En ese ínterin, el Municipio renovó su contrato laboral en un término vigente desde el 1 enero de 2018 al 30 de junio de 2018.

Concluido el periodo de la licencia solicitada, la apelante acudió al CFSE. Dicha entidad inicialmente determinó que procedía otorgar un término de descanso hasta el 3 de abril de 2018. No obstante, luego de una segunda evaluación, dispuso que procedía extender el tratamiento de descanso hasta el 10 de abril de 2018. Por lo que la apelante debió

regresar a su centro laboral el 11 de abril de 2018. De acuerdo con lo prescrito por la CSFE, en esa fecha iniciaría un periodo de tratamiento con trabajo. Sin embargo, surge de la prueba que obra en el expediente que ese día la señora Sánchez no regresó a su centro de empleo. Por tanto, el Municipio determinó que la apelante abandonó su servicio.

A la luz de lo discutido, resulta evidente que el organismo apelado no actuó en represalia por la apelante haber comparecido ante la CFSE. La terminación del contrato laboral no ocurrió por el ofrecimiento de algún testimonio o información ante la aludida corporación. La apelante tampoco presentó prueba que demostrara que su patrono incurrió en una acción adversa por haber participado en una actividad protegida. Al contrario, la terminación de su contrato laboral responde a que ésta no regresó su centro de trabajo en la fecha indicada y no obra del expediente prueba para controvertir tales determinaciones fácticas.

Por tanto, resolvemos que el foro primario no abusó de su discreción, ni incurrió en prejuicio, parcialidad, o error manifiesto al desestimar la demanda. Por los fundamentos esbozados, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones