ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| JOSÉ R. VELÁZQUEZ AYUSO<br>Peticionario<br><br>v.<br><br>GARAGE ISLA VERDE Y OTROS<br>Recurrido | KLCE202400029 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Número: CA2022CV02237<br><br>Sobre: Acción Rescisoria y Otros |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de marzo de 2024.

Comparece ante esta Curia el Sr. José R. Velázquez Ayuso (Velázquez Ayuso o peticionario) y solicita la revocación de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Carolina (TPI o foro primario) el 4 de octubre de 2023, notificada el 12 de octubre de 2023. En esta, el foro primario denegó una solicitud de sentencia sumaria presentada por el peticionario.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.* Veamos.

## I.

El 13 de julio de 2022, el peticionario incoó una demanda[1] en contra de Garage Isla Verde, LLC (Garage Isla Verde), Mercedes-Benz Financial Services USA, LLC (Mercedes-Benz) y las Aseguradoras X, Y, Z por daños y perjuicios, dolo y resolución de contrato. En la demanda, alegó que el vehículo Mercedes-Benz GLC 350E, el cual obtuvo bajo financiamiento el 12 de junio de 2021, adolecía de fallos

---

[1] Apéndice, págs. 5-7.

Número Identificador:

RES2024_____

y desperfectos. Además, expuso que, el vehículo le fue ofrecido como uno garantizado y que los alegados desperfectos no habían sido corregidos por Garage Isla Verde. Enfatizó que, a pesar de estar garantizado, el vehículo comenzó a presentar fallos luego de cuatro meses de la compra, pues tenía la capota deforme, un golpe en la transmisión al cambiar de eléctrico a gasolina y no frenaba bien.[2] Por lo anterior, solicitó la resolución del contrato de compraventa con Garage Isla Verde y la devolución de los pagos realizados a Mercedes-Benz en concepto del financiamiento del auto.

En reacción, Garage Isla Verde acreditó su alegación responsiva el 13 de octubre de 2022 en la que negó las reclamaciones de Velázquez Ayuso. Expuso que, el vehículo fue vendido con un programa de garantía extendida expedida por Assurant Services of Puerto Rico, Inc., con vigencia de 72 meses o 100,000 millas, lo que ocurriera primero.[3] Explicó que, el peticionario adquirió una garantía de protección de superficies exteriores e interiores con DuPont Automotive Protection Package, con una vigencia de 7 años, más lo que se pudiera extender, si algo, por el manufacturero, Mercedes Benz USA, LLC. Además, informó que según consta de las hojas de servicio se atendieron las quejas del demandante conforme la garantía aplicable a la unidad y cualquier otra expresión o reclamación del demandante sería un asunto de prueba.

Asimismo, Mercedes-Benz contestó la demanda el 17 de octubre de 2022.[4] En su comparecencia aceptó que, el peticionario obtuvo un financiamiento bajo las condiciones y términos establecidos en un documento intitulado *"Retail Installment*

---

[2] La demanda fue enmendada el 2 de junio de 2023, a los efectos de reiterar las alegaciones y añadir las razones que el peticionario tomó en cuenta al momento de efectuar la compra del vehículo. Posteriormente, se presentó la alegación responsiva a la demanda enmendada. Apéndice, págs. 17-23; 24-32.
[3] Apéndice, págs. 8-12.
[4] Apéndice, págs. 13-16.

*Contract*". No obstante, negó haber participado en los actos de servicio o reparación del vehículo de motor objeto de la controversia.

Así las cosas, el 1 de agosto de 2023, el peticionario instó una *Moción en Solicitud de Sentencia Sumaria* en la que propuso veinte hechos incontrovertidos e incluyó varios documentos para sostener su petitorio.[5] En su comparecencia, el peticionario reiteró su reclamo en daños por los presuntos actos culposos o negligentes de Garage Isla Verde y Mercedes-Benz. Señaló que, ante la ausencia de hechos en controversia, procedía adjudicar los remedios solicitados por la vía sumaria.

En respuesta, Garage Isla Verde presentó su *Oposición a Solicitud de Sentencia Sumaria de la Parte Demandante[6]* el 21 de agosto de 2023, en la que, aceptó dos de los veinte hechos propuestos por el peticionario y objetó los demás. Por su parte, el 11 de septiembre de 2023, Mercedes-Benz acreditó ante el foro recurrido su *Oposición a Moción en Solicitud de Sentencia Sumaria.[7]* Ambos demandados expusieron sus argumentos e identificaron controversias medulares que impiden la adjudicación de la reclamación por la vía sumaria.

Evaluadas las comparecencias de las partes, el foro primario emitió la *Resolución* recurrida en la que consignó un solo hecho incontrovertido[8] y determinó lo siguiente:

> En el presente caso no procede dictar sentencia sumaria ya que, de la prueba sometida y considerada

---

[5] Apéndice, págs. 33-87. Junto a su petitorio incluyó los siguientes documentos: Anejo 1 – Contrato de Compraventa; Anejo 2 – Contrato de Financiamiento; Anejo 3 – Anuncio de Mercadeo de Vehículo; Anejo 4 – Declaración Jurada del Sr. José R. Velázquez Ayuso; Anejo 5 – Mercedes-Benz Certified Pre Owned Inspection and Certification Report; Anejo 6 – Hojas de Trabajos a Vehículo (Invoices #486949/ #481731/#470445); Anejo 7 – Hoja de Manheim (Invoice #121480584); Anejo 8 – Contestación de Garage Isla Verde, LLC A Primer y Segundo Pliego de Interrogatorios y Requerimiento de Producción de Documentos; Anejo 9 – CarFax Vehicle History Report; Anejo 10 – Hoja de Trabajo de Reparación (Invoice #467042); y Anejo 11 – Hoja de Trabajo del dueño anterior del vehículo, el Sr. Rolando Rojas (Invoice #451870).

[6] Apéndice, págs. 88-106.

[7] Apéndice, págs. 107-120.

[8] Apéndice, págs. 1-4. En la página 2, el foro primario consignó el siguiente hecho que no fue controvertido: 1. Que la parte demandante y Mercedes Financial Services suscribieron un contrato de financiamiento de vehículo Mercedes-Benz GLC 350E, Híbrido, VIN WDC0G5EB1JF441566.

por este Tribunal, se desprenden hechos esenciales y pertinentes que están de buena fe controvertidos. De la prueba documental sometida, este Tribunal encuentra controvertidos los hechos 3 al 20 propuestos por la parte demandante.

En el caso de autos, existe controversia en cuanto a si Garaje [sic] Isla Verde LLC ofreció el vehículo como uno certificado garantizado, cómo el vehículo fue mercadeado por el vendedor, el alcance de los fallos y desperfectos del vehículo alegados en la demanda, y si estos fueron atendidos conforme la garantía, si procede la resolución del contrato de compraventa y el contrato de financiamiento, y la cuantía de la reclamación en daños y perjuicios, de proceder.

Así, ante la existencia de hechos materiales en controversia; no estamos en posición, en estos momentos, de disponer de la acción incoada en la Demanda por la vía sumaria.

Sobre tales bases, el TPI denegó el petitorio sumario y ordenó la continuación de los procedimientos. El referido dictamen fue objeto de reconsideración[9] y, justipreciados los planteamientos de ambas partes, el foro primario se negó a reconsiderar.[10]

En desacuerdo aún, el peticionario acude ante esta Curia y señala la comisión del siguiente error:

Erró el Honorable Tribunal de Primera Instancia y abusó de su discreción al declarar no ha lugar la solicitud de sentencia sumaria.

El 17 de enero de 2024, Garage Isla Verde compareció mediante *Solicitud de Desestimación bajo la Regla 83 y Oposición a la Expedición del auto de Certiorari.* Por su parte, el 29 de enero de 2024, Mercedes-Benz presentó *Memorando en Oposición a Expedición de auto de Certiorari.* En atención a la solicitud de desestimación interpuesta por Garage Isla Verde, no ha lugar. Superado lo anterior y con el beneficio de las posturas de las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

---

[9] Apéndice, págs. 121-124.
[10] Apéndice, pág. 151.

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias,

el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari.* *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

## B. Sentencia Sumaria

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.36, permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en un juicio plenario, y el derecho así lo permita. *Serrano Picón v. Multinational Life Insurance Company,* 2023 TSPR 118, resuelto el 29 de septiembre de 2023; *Oriental Bank v. Caballero García,* 2023 TSPR 103, resuelto el 23 de agosto de 2023; *González Meléndez v. Municipio Autónomo de San Juan y otros,* 2023 TSPR 95, resuelto el 24 de julio de 2023; *Acevedo Arocho y otros v. Departamento de Hacienda de Puerto Rico y otros,* 2023 TSPR 80, resuelto el 26 de junio de 2023. Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

Mediante la adjudicación de una causa por la vía sumaria, el tribunal necesariamente tendrá que escudriñar las alegaciones de la demanda o las defensas interpuestas para determinar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Universal Ins. y otro v. ELA y otros,* 211 DPR 455 (2023). Como se sabe, procede dictar sentencia sumaria si se desprende de las alegaciones, deposiciones, declaraciones juradas, contestaciones a interrogatorios, admisiones ofrecidas, entre otros, que no existe controversia real sustancial sobre un hecho esencial y pertinente, y siempre que el derecho aplicable así lo justifique. *González Meléndez v. Municipio Autónomo de San Juan y otros,* supra. De manera que, en aras de prevalecer

en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Universal Ins. y otro v. ELA y otros,* supra.

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Pérez Vargas v. Office Depot,* 203 DPR 687 (2019). Si el promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 111 (2015).

Cabe destacar que, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra, pág. 43. Por el contrario, la Regla 36.3(c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c), obliga a quien se opone a que se declare con lugar esta solicitud a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.*

Por ello, en la oposición a una solicitud de sentencia sumaria, el promovido debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos, deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la antes citada Regla 36.3 de Procedimiento Civil. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* De lo anterior se puede colegir que, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra,* la consideración de sus posiciones descansa en la sana discreción del Tribunal.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por el promovente. *ELA v. Cole,* 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.,* pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra*,* pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Segarra Rivera v. Int'l Shipping et al.,* 208 DPR 964

(2022). Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.*

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. Nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, los foros apelativos nos encontramos en la misma posición que el Tribunal de Primera Instancia y utilizamos los mismos criterios para evaluar la procedencia de una sentencia sumaria. *González Meléndez v. Municipio Autónomo de San Juan y otros,* supra. Por ello, nuestra revisión es una *de novo*, y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra,* y su jurisprudencia interpretativa. *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019). De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario

aplicó correctamente el derecho. *Acevedo Arocho y otros v. Departamento de Hacienda de Puerto Rico y otros,* supra.

**III.**

En esencia, el peticionario solicita que ejerzamos nuestra función discrecional en aras de que ordenemos la expedición del auto de *certiorari* y revocación de la *Resolución* recurrida, en la que, el foro primario denegó su petitorio sumario. Señala que, el foro primario erró al declarar no ha lugar la solicitud de sentencia sumaria, pues los hechos no fueron controvertidos por Garage Isla Verde ni Mercedes-Benz en sus respectivas oposiciones.

En virtud de la normativa antes expuesta, esta Curia debe revisar *de novo* el petitorio sumario que instó el peticionario, las oposiciones de Mercedes-Benz y Garage Isla Verde, junto a sus correspondientes anejos. Precisa evaluar si ambas partes cumplieron los requisitos de forma que exige la Regla 36, *supra,* y si existen hechos materiales en controversia que impiden la adjudicación del caso sumariamente.

Luego de examinar cuidadosamente la *Moción en Solicitud de Sentencia Sumaria* concluimos que, el peticionario cumplió sustancialmente con las exigencias y formalidades requeridas por la Regla 36, *supra.* Este incluyó una relación enumerada de los hechos esenciales sobre los cuales alega no existían controversias sustanciales y estableció la correlación entre los 20 hechos propuestos, con los documentos sometidos en apoyo a los mismos. Además, señaló que, en el expediente judicial obraba la prueba necesaria para establecer hechos medulares que a su vez sostienen la rescisión tanto del contrato de compraventa con Garage Isla Verde como del financiamiento con Mercedes-Benz. En síntesis, arguyó que, los documentos y su declaración jurada resultaban suficientes para establecer que: (1) el vehículo fue mercadeado por Garage Isla Verde como uno "pre owned certificado", (2) que el peticionario al

creer que el vehículo era garantizado decidió comprar el mismo, (3) que de no ser certificado no hubiese completado la compraventa con el garaje, (4) que el vehículo comenzó a tener problemas cuatro meses luego de la compra y (5) que a la fecha, Garage Isla Verde no había arreglado el vehículo.

En su oposición, Mercedes-Benz incluyó una relación concisa y enumerada de los hechos esenciales sobre los cuales existe controversia. Aceptó solo el primer hecho incontrovertido e identificó los hechos (2 al 20) como hechos en controversia. Señaló que, el peticionario fundamenta su postura sobre el contenido del "*Retail Installment Contract*", para indicar erróneamente que, suscribió un contrato de financiamiento con Mercedes-Benz. Sin embargo, de la evidencia presentada surge que, el contrato fue otorgado entre el vendedor (Garage Isla Verde) y el comprador, a pesar de haber sido cedido a Mercedes-Benz con posterioridad. Indicó que, de la prueba presentada por el peticionario, se encontraban algunos documentos que no eran admisibles, pues se trataba de unas capturas de pantalla y de páginas web no autenticadas. Además, cuestionó el contenido de la declaración jurada del peticionario por no estar cimentada en el conocimiento personal del declarante. Basado en lo anterior, suplicó al TPI que denegara el petitorio sumario, ante la insuficiencia de la prueba presentada. Por último, subrayó que, en esta etapa de los procedimientos se debería permitir a Mercedes-Benz realizar un descubrimiento de prueba adecuado. De lo contrario, se violaría su debido proceso de ley.

Por su parte, Garage Isla Verde acreditó cumplimiento de las exigencias de forma en su oposición a la moción de sentencia sumaria incoada. Es de notar que, a pesar de no incluir documentación adicional para apoyar su postura, hizo referencia a varios documentos (Exhibits I, II, III, IV, VI, VII, VIII y XI) unidos por

Velázquez Ayuso. Expuso que, el peticionario no ha presentado algún informe pericial en apoyo a su interpretación de las hojas de servicios generadas y los componentes sustituidos. Explicó que, el proceso mental, bajo el cual el peticionario adquirió el vehículo era un asunto de credibilidad que, en su día, le corresponde al foro primario aquilatar. Además, arguyó que, no surge del contrato de compraventa que la unidad fuera vendida como "certified pre owned". Por tanto, solo consideró como incontrovertidos dos hechos presentados y objetó el resto. En su consecuencia, señaló que, las múltiples controversias medulares existentes no permiten la adjudicación de la reclamación por la vía sumaria.

De la *Resolución* recurrida se desprende que, el TPI analizó lo antes resumido, así como el expediente ante su consideración y concluyó que los demandados lograron controvertir los hechos propuestos y cuestionar la suficiencia de la prueba documental presentada por el promovente de la petición sumaria.

Tras realizar un examen *de novo* del petitorio sumario junto a las correspondientes oposiciones, y en el ejercicio de nuestra discreción al amparo de los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* concluimos que no procede nuestra intervención sobre el dictamen interlocutorio recurrido. Coincidimos con el TPI en que, aún persisten controversias sobre los hechos medulares que impiden la adjudicación de la presente causa por la vía sumaria. Al entender sobre la totalidad del expediente y en particular, la declaración jurada del peticionario colegimos que, varios de los hechos propuestos por el peticionario se basan en su impresión y opinión particularmente sobre la motivación de la compraventa y si el vehículo fue previamente adquirido o no ("pre owned"), así como, sobre los supuestos servicios realizados al vehículo.

Conforme a la normativa antes señalada, un dictamen por la vía sumaria no procede cuando existen elementos mentales de intención y asuntos de credibilidad pendientes ante el juzgador o juzgadora de los hechos. A esos efectos, no identificamos que el foro recurrido, se haya apartado de la normativa que guía el análisis de un petitorio sumario al consignar en su pronunciamiento las controversias medulares que impiden la adjudicación de este caso por la vía sumaria. Añádase a ello que, de nuestro análisis del recurso instado, colegimos que, el peticionario falló en demostrar que el TPI haya actuado con pasión, prejuicio, parcialidad, o que haya incurrido en craso abuso de discreción o en error manifiesto o de derecho, al denegar su petitorio sumario. En su consecuencia, no se reúnen los criterios necesarios a los fines de que ejerzamos nuestra facultad revisora en esta etapa de los procedimientos. Tampoco identificamos fundamento alguno que justifique la expedición del auto de *certiorari* en aras de evitar un fracaso a la justicia.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones